IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TREVOR T., CARRIE T., AND B.T., <br><br>    Plaintiffs, <br><br>v. <br><br>CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD of CALIFORNIA, <br><br>    Defendant. | **MEMORANDUM DECISION** <br><br>**AND ORDER** <br><br>Case No. 1:22-cv-00140 JNP <br><br>Judge Jill N. Parrish |

  Plaintiffs Trevor T., Carrie T., and B.T. (collectively, "Plaintiffs") brought this action against California Physicians' Service dba Blue Shield of California ("Blue Shield") after Blue Shield failed to pay for treatment B.T. received in Utah.

  This matter is before the court on Blue Shield's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 18) and Plaintiffs' Motion for Sanctions (ECF No. 35). Pursuant to local rule 7-1(g) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(g).

## BACKGROUND

  Plaintiffs are residents of Orange County, California. (ECF No. 8, Amd. Compl. ¶¶ 1-2). Plaintiff B.T. is Plaintiff Trevor T.'s son. B.T. was a beneficiary under Trevor T.'s health plan offered by The Wine Warehouse Custom PPO Plan. The health plan at issue is an employee benefit plan that is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"),

governed by 29 U.S.C. § 2001 *et seq.* Blue Shield is a California corporation with its principal place of business in Oakland, California. Blue Shield is not incorporated in Utah. Blue Shield also does not have any physical locations in Utah. All claims administration duties, as opposed to processing claims, occurred in California.

From October 19, 2019 through January 16, 2020, B.T. received treatment at Elevations Seven Stars ("Elevations"), a residential treatment facility located in Syracuse, Utah. (*Id.* ¶ 2). Blue Shield initially approved B.T.'s treatment at Elevations from October 19, 2019 through November 4, 2019. (*Id.* ¶ 9). On November 8, 2019, however, Blue Shield sent a letter from California denying coverage for B.T.'s treatment at Elevations beginning on November 5, 2019. Blue Shield stated that B.T.'s condition had improved such that he could be treated at a mental health intensive outpatient program rather than a residential treatment center. (*Id.* ¶ 10). Despite Blue Shield's denial of coverage beginning November 5, 2019, Plaintiffs believed B.T. needed further treatment at Elevations. B.T. remained at Elevations through January 16, 2020.

Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and for alleged violations of the Parity Act under 29 U.S.C. § 1132(a)(3).

Blue Shield now requests a venue transfer pursuant to 28 U.S.C. § 1404(a), arguing that the Northern District of California is a closer and more convenient venue for all parties and witnesses. Plaintiffs subsequently moved for sanctions arguing that Blue Shield misrepresented facts to the court. For the reasons set forth below, the court GRANTS Blue Shield's Motion to Transfer Venue and DENIES Plaintiffs' Motion for Sanctions.

## DISCUSSION

### I. Motion to Transfer Venue

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

To ascertain whether a movant has met its burden, a district court should consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2), an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or

where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action could have originally been brought in the Northern District of California, where Blue Shield resides and denied coverage.

Therefore, the sole issue is whether the Northern District of California is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant or material difference between the District of Utah and the Northern District of California regarding the cost of making the necessary proof, the ability of the parties to receive a fair trial, or the congestion of dockets. Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).[1]

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.[2]

### Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167

---

[1] California has a complex health regulation system. The California Department of Insurance regulates health insurance companies while the Department of Managed Health Care ("DMHC") governs health care service plans and the enforcement of the Knox-Keene Health Care Service Plan Act of 1975, to which Blue Shield is subject. Cal. Ins. Code § 106; Cal. Health & Safety Code §§ 1341, 1345(f). To the extent this ligation raises any issues that would implicate either DMHC's regulation of Blue Shield, or any preemption arguments thereto, the Northen District of California would be more equipped to handle these questions of local law. Accordingly, this factor weighs further in favor of transfer.

[2] In their Opposition Brief, Plaintiffs discuss the Motion to Transfer Venue under a jurisdictional analysis of Rule 12 of the Federal Rules of Civil Procedure rather than the requirements of 28 U.S.C. § 1404. While Plaintiffs have therefore effectively waived any argument regarding § 1404(a), the court will nevertheless independently assess the propriety of a § 1404(a) venue transfer under governing case law.

(10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where District of Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, B.T.'s treatment in Utah provides the only connection to this forum.[3] None of the parties reside in Utah. The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling. Plaintiffs have failed to show that their choice of forum outweighs any other consideration in the transfer analysis.

Accessibility of Witnesses and Other Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at *9). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Here, the relevant witnesses and documents involved in administering the Plan are located where the Plan was administered in California. The relevant witnesses and documents involved in denying Plaintiffs' claims are located in California.

---

[3] Plaintiffs argue, without citing to any evidence in their Opposition Brief to the Motion to Transfer Venue, that B.T.'s claims were "initially processed" in Utah. Plaintiffs argue that this "processing" means the "breach took place" in Utah as well. This is the extent of Plaintiffs' argument regarding Blue Shield's Motion to Transfer Venue. Plaintiffs subsequently filed a Motion for Sanctions (ECF No. 35), wherein Plaintiffs provide evidence and argument that B.T.'s claims were indeed "processed" in Utah. While this additional evidence and argument is not properly before the court in this Motion to Transfer Venue, as discussed *infra*, the court notes that "processing of claims," even if that did occur in Utah, is different than "administering or adjudicating" claims, which clearly occurred in California. The final decision whether to pay on Plaintiffs' claims remained with Blue Shield in California. Plaintiffs' conflation of the two terms is in error. Blue Shield's denial of benefits occurred in California, not Utah, and therefore, California is a proper venue for transfer.

Plaintiffs reside in California. Blue Shield resides in the Northern District of California with its principal place of business in Oakland, California. Based on all of these facts, this factor weighs in favor of transferring the case to the Northern District of California.

<u>Enforceability of a Judgment</u>

Courts have generally understood that judgments are more easily enforced against defendants in the state in which they reside. *Michael M.*, 2018 WL 1406600, at *6 (D. Utah Mar. 19, 2018) ("[A]ny judgment against Defendants would be easier to enforce in South Carolina since that is where Defendants reside.") (unpublished). Accordingly, enforceability of any judgment that might be entered weighs in favor of transfer to the Northern District of California where Blue Shield resides.

<u>Other Practical Considerations</u>

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Northern District of California is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As previously stated, none of the parties in this case reside in Utah. Although claims were initially processed in Utah, the Plan was not administered, adjudicated, or breached in Utah. Conversely, Plaintiffs and Blue Shield all reside in California and the decision whether to award benefits occurred exclusively in California. In short, the practical considerations and the interests of justice weigh in favor of transferring the case to the Northern District of California.

## II. Motion for Sanctions

The court has reviewed Plaintiffs' Motion for Sanctions and finds the Motion wholly without merit. Plaintiffs failed to satisfy the safe-harbor provision of Federal Rule of Civil Procedure 11(c)(2), spared no expense in briefing an argument tangential to the issue of where Plaintiffs' claims were administered, not processed, and impugned defense counsel's character in the process. The court is issuing a separate Order to Show Cause why Plaintiffs should not be sanctioned. Plaintiffs' Motion for Sanctions against Blue Shield is denied.

## CONCLUSION

For the reasons articulated, Blue Shield's Motion to Transfer Venue (ECF No. 18) is GRANTED. Plaintiffs' Motion for Sanctions (ECF No. 35) is DENIED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court shall transfer this action to the United States District Court for the Northern District of California after the Order to Show Cause has been resolved.

Dated this 28th day of March, 2024.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge