Eric Nielson #5327
Laura Nielson #15008
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
Phone: (801) 424-9088
Fax:    (801) 438-0199
ericnielson@ericnielson.com
lauranielson@ericnielson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TREVOR T., CARRIE T., and B.T.,<br><br>　　Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD of CALIFORNIA, BEN MYERSON CANDY CO., Inc. dba WINE WAREHOUSE, WINE WAREHOUSE CUSTOM PPO PLAN,<br><br>　　Defendants. | **PLAINTIFFS' MOTION FOR CLARIFICATION**<br><br>Case No. 1:22-cv-00140-JNP<br><br>The Honorable Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

On March 28, 2024, the Court issued an order granting Defendants' Motion to Change Venue and Denying Plaintiffs' Motion for Sanctions. (ECF 50). The Court then issued an Order to Show Cause why Plaintiffs should not be sanctioned. (ECF 51).

First, Plaintiffs' counsel apologizes for any bad faith displayed to the Court, it was certainly not her intention. Plaintiffs' counsel represents families who have had to sell their house and bury their children because they cannot afford additional treatment for their child's mental condition. About one in twenty-five of Plaintiff's counsel's clients die by suicide after

1

their treatment has been denied. Plaintiffs' counsel never wants to turn down a case simply because the value is not particularly high or some of the most deserving clients would be unable to find representation. This makes her a passionate advocate for a demographic of people largely underserved, and sometimes being a zealous advocate can inadvertently cross a line. Low-value cases do present specific challenges, as is the case in this suit. *See infra.* Plaintiffs would deeply appreciate clarification from the Court to better understand why the Court ruled the way it did in both orders.

  First, there is a good chance Plaintiffs will have to file a motion to re-transfer after the suit is transferred to California. This is a very small ERISA suit, and based upon experience, Plaintiffs' counsel doubts she will be able to find local counsel to admit her pro hoc vice because lawyers are not interested in sharing contingency fees on cases this small. Paying a firm an hourly rate is also prohibitively expensive, assuming anyone would consent to act as local counsel at all. The ERISA landscape appears to be changing, because it did used to be easier to find local counsel. But Plaintiffs' counsel is unusual in that she takes small suits, and lawyers who previously acted as local counsel have grown weary in acting as local counsel in such small suits when it is not economical to do so.

  Thus, Plaintiffs will likely file a motion to re-transfer pro se, with Plaintiffs' counsel still drafting the motion but being unable to file it herself. This system is not sustainable; Plaintiffs should not have to relay messages from the court to their counsel or attend hearings because their counsel cannot be admitted pro hoc vice. Any benefit derived from transferring to California cannot outweigh Plaintiffs' right to pursue their federally protected rights under ERISA. If transfer to California ultimately deprives Plaintiffs of the right to pursue their ERISA claim for benefits by essentially disqualifying Plaintiffs of their counsel, then the calculus of harm caused

to benefit served by the transfer must be reassessed. Considering how seriously courts consider motions to disqualify, it only makes sense that any action taken that yields the same result as a motion to disqualify would be treated as seriously.

Moreover, Defendants still owe Plaintiffs fiduciary duties and may not interfere or retaliate against Plaintiffs for enforcing their rights under ERISA. Insisting upon a forum for their own convenience over the right of Plaintiffs to have their ERISA claim for benefits properly adjudicated would be a breach of those fiduciary duties and may constitute ERISA interference or retaliation. Of course, Plaintiffs' counsel does not yet know nor can she prove that local counsel is not available in California, but she does have many years experience in ERISA to inform her suspicion that she will not be able to find local counsel on a suit this small.

In considering a motion to re-transfer, the California court will need to assess this Court's reasoning for transfer and the issue of where the claims were processed will be relevant once again. It is unclear why the Court felt Defendants' proof was more dispositive than Plaintiffs' proof on this issue under the current orders. Plaintiffs beseech the Court to more clearly explain how Plaintiffs' good faith belief that the claims were processed in Utah, relying on experts from the field and seemingly dispositive proof, could qualify Plaintiffs' counsel for sanctions. In the same vein, it would be helpful for the Court to explain how sending a "Golden Rule" letter instead of formally serving an entire brief on Defendants could also lead to sanctions. Even if formal service would have been preferred, the failure to do so does not seem to rise to the level of sanctions, not at least by any caselaw found by Plaintiffs' counsel. Finally, additional clarity around what arguments the Court found "tangential" to the central issue of where claims were processed, or how such a tangent would be sanctionable, would be helpful.

Plaintiffs' counsel do not want to take a shot in the dark in their response to the Court's order to show cause. Plaintiffs' counsel deeply respects the Court and asks for further clarification.

RESPECTFULLY SUBMITTED this 29th day of March 2024.

                                               G. ERIC NIELSON & ASSOCIATES

                                               */s/ Laura Nielson*
                                               Laura Nielson

                                               *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I have served the foregoing document on all counsel of record by filing electronically with the Court notice of case activity to be generated and sent electronically by the Clerk of Court to all parties registered to receive such service.

      Dated this the 29th day of March 2024.

                                                        */s/ Laura Nielson*
                                                        Laura Nielson