Eric Nielson #5327
Laura Nielson #15008
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
Phone: (801) 424-9088
Fax:    (801) 438-0199
ericnielson@ericnielson.com
lauranielson@ericnielson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TREVOR T., CARRIE T., and B.T.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD of CALIFORNIA, BEN MYERSON CANDY CO., Inc. dba WINE WAREHOUSE, WINE WAREHOUSE CUSTOM PPO PLAN,<br><br>    Defendants. | **PLAINTIFFS' MOTION TO STAY THE ORDER TO SHOW CAUSE UNTIL THE COURT RESPONDS TO THE MOTION FOR CLARIFICATION.**<br><br>Case No. 1:22-cv-00140-JNP<br><br>The Honorable Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Trevor T. ("Trevor"), Carrie T. ("Carrie"), and B.T., through their undersigned counsel, move to stay the above-captioned case pending the Courts' response to Plaintiffs' Motion for Clarification. (ECF 52).

**SPECIFIC RELIEF SOUGHT AND GROUNDS FOR RELIEF**

Plaintiffs request the Court stay the deadline for Plaintiffs' counsel to respond to the Order to Show Cause issued yesterday, March 28, 2024, until the Court has a chance to respond to Plaintiffs' Motion for Clarification.

## RELEVANT FACTS

Plaintiffs have moved for further clarification regarding the Order to Show Cause and the Order on Defendants' Motion to Change Venue. Plaintiffs' counsel also had surgery on March 28, 2024, an unfortunate coincidence, and has temporarily ceased taking pain medication to be able to file the Motion for Clarification and Motion to Stay, but would appreciate additional time to recover before responding. Ideally, Plaintiff's counsel should take at least two-weeks off of work to recover, but being essentially a solo practitioner (the rest of Plaintiffs' firm does medical malpractice, their work is unrelated) means this is often difficult to achieve. Plaintiffs' counsel has worked during active labor, but would prefer the opportunity to prioritize her health after surgery.

## ARGUMENT

### Legal Standard

A trial court "has inherent authority to manage its docket." *Utah Republican Party v. Herbert*, 2015 U.S. Dist. LEXIS 144392, *8-9 (D. Utah Oct. 22, 2015) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962)). This authority is given to trial courts, "to achieve the orderly and expeditious disposition of cases." *LeFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Inherent authority includes the ability to "grant a stay pending the result of other proceedings." *Zisumbo v. Ogden Reg'l Med. Ctr.*, 2012 U.S. Dist. LEXIS 177537, *3 (D. Utah Dec. 13, 2012). In determining the appropriateness of a stay, the trial court should consider, (1) whether the stay would promote judicial economy; (2) whether it would avoid confusion or inconsistent results; and (3) whether it would unduly prejudice or create undue hardship for the parties. *Id.*; see also *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (stating that "[a] district court has inherent power to control the disposition

of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants").

## Analysis

As expressed in the previously filed Motion for Clarification, Plaintiffs would greatly appreciate additional analysis as to why the Court feels sanctions are applicable to Plaintiffs' conduct or briefs before responding to the Order to Show cause. This would serve the purpose of "[avoiding] confusion or inconsistent results" and would assist future briefings in California. Staying proceedings would also prevent "undue hardship" by way of allowing Plaintiffs' counsel to recover from surgery.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request the Court stay Plaintiff's response to the Order to Show cause until it has had a chance to respond to the Motion for Clarification, and at very least until Plaintiffs' counsel has had time to recover from surgery.

RESPECTFULLY SUBMITTED this 29th day of March, 2024.

                                          G. ERIC NIELSON & ASSOCIATES
                                          */s/ Laura Nielson*
                                          Laura Nielson

                                          *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this date I have served the foregoing document on all counsel of record by filing electronically with the Court notice of case activity to be generated and sent electronically by the Clerk of Court to all parties registered to receive such service.

Dated this the 29th day of March, 2024.

*/s/ Laura Nielson*
Laura Nielson